## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

HALA FARID,                                        CASE NO.

      Plaintiff,

vs.

PATRICK R. DONAHOE, in his official
capacity as, POSTMASTER GENERAL of
the UNITED STATES POSTAL SERVICE,

      Defendant.

_____/

### COMPLAINT

     Plaintiff, HALA FARID, hereby sues Defendant, PATRICK R. DONAHOE, in his official capacity as, POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE, and alleges:

### NATURE OF THE ACTION

     1.    This is an action brought under 42 U.S.C. §§2000e et seq.,1981a and 29 U.S.C. §794 (The Rehabilitation Act of 1973).  Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).  Demand is made herein for an amount in excess of Seventy Five Thousand Dollars ($75,000.00).  Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys fees, costs and damages.

## THE PARTIES

2.      At all times pertinent hereto, Plaintiff, HALA FARID, has been a resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class due to her race and national origin (white-Egyptian) in addition to her disability and/or Defendant's perception of Plaintiff as disabled. Moreover, Plaintiff is also a member of a protected class due to the fact that she reported discrimination and was the victim of retaliation thereafter.

3.      At all times pertinent hereto, Defendant, PATRICK R. DONAHOE, in his official capacity as, POSTMASTER GENERAL of the UNITED STATES POSTAL SERVICE, has been organized and existing under the laws of the United States of America. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

4.      Plaintiff has satisfied all conditions precedent to bringing this action. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws applicable to this action.

## STATEMENT OF THE ULTIMATE FACTS

5.      Plaintiff was initially hired by Defendant in or about June 2005 as a Rural Carrier Associate working at the Lake Jackson facility in Tallahassee, Leon County, Florida. Almost from the beginning of her employment at this facility Plaintiff was not paid correctly

2

for her milage and/or labor efforts.  Plaintiff maintains that the incorrect payments only affected her and other subordinates of the same supervisor (Paul Jones) who were not white/Egyptian and/or disabled perceived to be disabled were paid correctly.

6.      In or about March 2007, Plaintiff was involved in a workplace incident causing bodily injury specifically to her back, head, neck, and shoulder.  As a result of this incident she suffered a concussion and now suffers from severe headaches and migraine.  Based on the totality of these conditions, workplace restrictions were placed on shift-length, bending, lifting, and other limitations of a similar nature. Plaintiff was thereafter placed on limited duty.   On multiple occasions, Plaintiff was required to work outside of her restrictions.  Defendant and its agents were aware of the need for restrictions and the light duty accommodation but ignored these restrictions.  Based on the totality of her conditions Plaintiff was disabled or Defendant perceived her as disabled.

7.      On or about January 9, 2010, Plaintiff made a request to Paul Jones to change routes.  Rather than review the request, Jones reacted angrily and threatened the Plaintiff and her position with Defendant.  Plaintiff maintains that other employees of Defendant who were not white/Egyptian and/or disabled perceived to be disabled were not treated with such disrespect after making a simple and often granted request.

8.      During February and March 2010, Plaintiff was requested to perform supervisory work for Defendant, including checking whether Defendant's vehicles in its storage lot were locked.  She was not provided additional remuneration for performing these services. Plaintiff maintains that other employees of Defendant who were not white/Egyptian

3

and/or disabled perceived to be disabled were not ask to perform these supervisory responsibilities and not provided additional remuneration.

9.      In or about March 2010, Plaintiff was involved in a second work place incident where she was injured.  Plaintiff submitted documentation to Defendant report this incident.  Andrea Weatherspoon, Defendant's Supervisor of Customer Service, alter the records, eliminating that a co-employee was actually responsible for the injury, not the Plaintiff.  Plaintiff avers that other employees of Defendant that were not white/Egyptian and/or disabled perceived to be disabled did not have incident reports altered in a similar manner.  This alteration of the report was in an effort damage Plaintiff's opportunities to advance within Defendant's organization.

10.     During the relevant period hereto, Plaintiff filed several EEO complaints internally with Defendant.  The nature of these complaints focuses on the actions alleged herein.  Specifically, Plaintiff filed EEO # 4H-320-0033-010 on or about January 2010 and amended in March 2010.  Such amendment alleges that Plaintiff was no considered for open supervisory positions.  Specifically, Plaintiff expressed interest in supervisory positions, however Defendant, via its agents intentionally failed to inform Plaintiff of supervisory openings in January and March 2010.  Plaintiff was qualified for these supervisory positions, but was not considered due to her EEO activity.

11.     Moreover, during the relevant period hereto, Plaintiff also filed EEO complaints including, but not limited to, #4H-320-060-11, 4G-320-091-11, and 4G-320-0219-12.    Plaintiff avers that retaliatory actions continued, specifically that her pay

4

continued to be incorrectly and improperly processed, she was not allowed to bid for certain routes, and Defendant demanded that Plaintiff work outside of her restrictions.

<u>COUNT I</u>

**HANDICAP/DISABILITY DISCRIMINATION**

12.     Paragraphs 1 through 11 are incorporated herein by reference.

13.     This is an action against Defendant for discrimination based on handicap and/or disability discrimination.

14.     Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicap/disability terminated Plaintiff.  Defendant took action against Plaintiff because of her disabling condition, i.e., by way of example but not limitation, she had limitations in her ability to work, walk, stand, squat, and bend and/or Defendant's perception of Plaintiff as being disabled.

15.     There is no legitimate reason that has been nor can there be any legitimate reason for the adverse treatment of Plaintiff.

16.     Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant.  The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

17.     Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

18.     Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff.  In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

19.     As a direct and proximate cause of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury.  Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages.  These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT II

### NATIONAL ORIGIN DISCRIMINATION

20.     Paragraphs 1 through 11 are realleged and incorporated herein by reference.

21.     This is an action against Defendant for discrimination based upon national origin  brought under 42 U.S.C. §2000e et seq..

22.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin in that Plaintiff was treated differently than similarly situated employees of Defendant who are not Egyptian or of Egyptian descent and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin, Egyptian.

23.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take

6

prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

24.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a national-origin based nature and in violation of the laws set forth herein.

25.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

26.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin in violation of 42 U.S.C. §2000e et seq..

27.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RACE DISCRIMINATION

28.     Paragraphs 1 through 11 are realleged and incorporated herein by reference.

29.     This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq..

30.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are not white/Egyptian has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

31.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.    Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

33.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

32.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq..

34.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT IV

### RETALIATION

35.     Paragraphs 1 through 11 are hereby realleged and reincorporated as if set forth in full herein. Plaintiff has submitted a series of EEO complaints within Defendant on a multitude of issues. Moreover, she has explicitly discussed with her supervisors that she was the victim of discrimination during her employment with Defendant.

36.     Defendant is an employer as that term is used under the applicable statutes referenced above.

37.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq. and other statutory provisions cited herein.

38.     The foregoing unlawful actions by Defendant were purposeful.

39.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

40.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

41.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages, including without limitation punitive damages, to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues set forth herein which are so triable.

Dated this 3rd day of December, 2012.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

11